IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SILVERIO G. PEREZ,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,

    Defendant.

                            /

No. C 15-03012 WHA

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

In this social security appeal, pro se plaintiff appeals the amount of his monthly retirement insurance benefits. For the reasons stated below, plaintiff's motion for summary judgment is **DENIED** and defendant's cross-motion for summary judgment is **GRANTED**.

## STATEMENT

In October 2004, plaintiff Silverio G. Perez applied for Retirement Insurance Benefits under Title II of the Social Security Act (AR 18). The SSA approved his application in January 2005, placing Perez in a benefit payment status to receive $133.00 per month (AR 22). Perez also received (and continues to receive) a foreign pension based on thirty-two years of government service from the Philippines at $271.00 per month, which he has received since 1986 (AR 56).

In February 2011, Perez requested reconsideration of his monthly benefits. The SSA subsequently increased his monthly benefits to $297.00 because it had not previously considered Perez's earnings in 2010 (AR 28–31). Perez again appealed this decision to the SSA stating that the monthly amount was still not enough to cover his medical expenses (AR 35). The SSA denied this request for reconsideration affirming that its calculation of his monthly benefits was the correct and highest possible benefit amount based on Perez's earnings (AR 37–38). Pursuant to Section 215(a)(7) of the Social Security Act, the SSA computed Perez's benefits using a modified formula that took into consideration his earnings from the Philippines (AR 94).

In July 2011, Perez again requested a recalculation maintaining that, according to his own calculations, the correct amount of his benefits should be $448.00 per month. Perez also stated that it was very difficult for him to pay his medical expenses, inasmuch as he was permanently disabled and on hemodialysis (AR 39). The SSA issued a notice of reconsideration stating that it had re-examined his benefits and that the original calculations were correct (AR 44). In September 2011, Perez sent two separate letters that stated he wanted to appeal the reconsideration (AR 46–56). In response to these letters, the SSA simultaneously issued another notice of reconsideration with an explanation of how they calculated Perez's benefits and processed his correspondence as a timely request for hearing (AR 76, 102).

In September 2013, ALJ John Flanagan held a hearing over the phone per Perez's request for accommodation. Before the ALJ administered the oath, Perez informed him that he had been denied Supplemental Security Income because he received other income in addition to his retirement benefits. Perez then testified under oath that he believed the SSA had incorrectly calculated his retirement benefits but he did not provide an explanation as to how the SSA had erred in its calculations. Furthermore, Perez testified under oath that he felt that he was being treated differently because he was sick. The ALJ confirmed with Perez that he was on dialysis and had kidney failure (AR 131–43).

The ALJ rendered a decision two days after the hearing, finding that Perez's retirement benefits had been properly calculated to date in accordance with the Social Security Act (AR 17). Perez requested administrative review (AR 97). The Appeals Council denied the request (AR 4). Perez filed a pro se action here in the district court on November 20, 2015. Both sides now move for summary judgment.

**ANALYSIS**

**1.  STANDARD OF REVIEW.**

A review of the ALJ's decision requires an examination of the whole record to see whether the ALJ decision is supported by substantial evidence and free of legal error. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is "more than a scintilla," but "less than a preponderance." *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ibid.* The district court must "review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion." *Andrews*, 53 F.3d at 1039. "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities;" thus, where the evidence is susceptible to more than one rational interpretation, the decision of the ALJ must be upheld. *Ibid.*

**2.  WINDFALL ELIMINATION PROVISION.**

Perez's retirement benefits were calculated in accordance with the Windfall Elimination Provision (WEP) of the Social Security Act. The WEP computes or recomputes coverage of retirees in order to prevent individuals who earned wages from both covered and noncovered employment from receiving an unwarranted windfall. Noncovered employment is employment that entitles an individual to pensions not subject to Social Security's payroll taxes.

The WEP applies to retirees who are eligible for both Retirement Insurance Benefits and benefits under another pension plan who after 1985 (1) attain age 62 and (2) first become eligible for a monthly periodic payment. 42 U.S.C. 415(a)(7)(A). When applicable, the WEP

3

1  modifies the standard formula for calculating retirement benefits to include noncovered

2  benefits. These noncovered benefits can be based on earnings for service and can include

3  foreign pensions according to SSA's regulations. 20 C.F.R 404.213(a)(3); *Newton v. Shalala*,

4  874 F. Supp. 296, 299 (D. Or. 1994), *aff'd* 70 F.3d 1114 (9th Cir. 1995).

5      The record supports the ALJ's finding that Perez is ineligible for increased retirement

6  benefits. This order finds that the WEP is applicable because after 1985, Perez attained the age

7  of 62 and began to receive an annuity for service from the Philippines. Thus, Perez's retirement

8  benefits are properly computed under the modified formula.

9      Perez raises two arguments on appeal: (1) the SSA exceeded its constitutional authority

10 and jurisdiction by accounting for his pension from the Philippines because the United States

11 does not have jurisdiction over foreign countries, and (2) the determination of his retirement

12 benefits denies him due process because it calculates his retirement benefits differently from

13 other retirees. These arguments lack merit.

14     *First*, Perez does not dispute the fact that he receives a pension from the Philippines

15 based on service earnings, which are the types of earnings that provoked the WEP regime.

16 Rather, he contests that the SSA should not have included this pension in its calculations

17 (AR 55). It is well established, however, that the SSA can consider pensions from outside

18 the United States in order to determine the WEP's applicability. *See ibid.*; *see also Adams v.*

19 *Halter*, 11 Fed. App'x. 748, 748 (9th Cir. 2001). Acquiring and considering information about

20 a foreign pension is not imposing jurisdiction over a foreign country or person. The foreign

21 pension has not been reduced or ended, but it has been taken into account in determining the

22 largesse of our own nation's treasury. Thus, Perez's arguments about improper authority and

23 jurisdiction are inapposite.

24     The SSA provides that it will not modify the computation of benefits based on a foreign

25 pension if the foreign pension is based on employment covered by a totalization agreement

26 between the United States and a foreign country. 20 C.F.R. 404.213(e)(8). A totalization

27 agreement permits entitlement to dual benefits under the social security system of the United

28

4

States and a foreign country. 20 C.F.R. at 404.1901. The Philippines, however, does not have a totalization agreement with the United States. Therefore, this exception does not apply. Accordingly, the WEP modified formula for computing Perez's benefits is appropriate.

*Second*, Perez argues that the SSA denied him due process but does not cite to any facts in the record to support his contentions. In the area of social welfare, a statutory classification does not violate due process if it is rationally based and free from invidious discrimination. *See Wienberger v. Salfi*, 422 U.S. 749, 770 (1975). Where economic and social welfare legislation is grounded in some rational basis, it is well settled that it does not offend due process simply because the classification results in some inequality. *Linsley v. Natural Carbonic Gas Co.*, 220 U.S. 62, 78 (1910).

The rational purpose behind the WEP is to eliminate a retirement windfall at SSA's expense. Accordingly, Perez's retirement benefits are reasonably calculated to balance monthly pension benefits that result from a combination of covered and noncovered employment. Given that the WEP is neither arbitrary nor a result of invidious discrimination, it satisfies the rational basis test and its application here did not deprive Perez of due process. *See also Das v. Sullivan*, 789 F.Supp. 324, 326–27 (N.D. Cal. 1992) (Judge William Ingram) (WEP did not violate due process).

## CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment is **DENIED**, and defendant's cross-motion for summary judgment is **GRANTED**. Judgment will be entered accordingly.

**IT IS SO ORDERED.**

Dated: July 1, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE